**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALVIN C. BAIRD,**

                **Plaintiff,**         **1:08-CV-388
                                                                 (GLS/RFT)**

        **v.**

**STATE UNIVERSITY OF NEW YORK;
EMPIRE STATE COLLEGE
FOUNDATION** *doing business as
Empire State College*; **MARGARET
BENKE** *also known as Meg Benke*; *and*
**EILEEN K. CORRIGAN,**

                **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ALVIN C. BAIRD
*Pro Se*
4114 Balfern Avenue
Baltimore, MD 21213

**FOR DEFENDANTS:**

Hon. Andrew M. Cuomo            STEPHEN M. KERWIN
New York Attorney General          Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff *pro se* Alvin C. Baird ("Baird") brings this action alleging that he was discriminatorily expelled from Empire State College ("Empire"). Pending is a motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is granted in part and denied in part.

## II. Background[1]

Baird is a 32 year old African American who resides in Maryland. (See Am. Compl. ¶1 and pg. 3; Dkt. No. 21.) Defendants Empire and the State University of New York ("SUNY") are alleged to be not-for-profit corporations of New York State. *Id.* at ¶ 2,3. Defendant Meg Benke ("Benke") is a New York citizen and Dean of the Center for Distance Learning at Empire. *Id.* at ¶ 4. Defendant Eileen Corrigan ("Corrigan") is a New York citizen and was the Director of Student Financial Services at Empire at all times relevant to this action. *Id.* at ¶ 5.

From November 1999 until May 22, 2006, Baird was a student at Empire. *Id.* at pg. 3. Baird contends that during this time he was subjected

---

[1] The facts are derived from Baird's complaint and accepted as true for purposes of defendants' motions to dismiss.

2

to discriminatory practices by the defendants named herein, culminating in his expulsion from Empire. Specifically, Baird alleges that Benke "incorrectly fabricated [a] letter to the plaintiff arbitrarily expelling [him] from Empire ..., under the [false] pretext that the plaintiff did not meet the college[']s Satisfactory Academic Progress Standards." *Id.* at pgs. 3-4. Baird further alleges that "Corrigan mailed the plaintiff a letter indicating that he would no longer be eligible for financial aid because he did [not] meet Empire['s] Satisfactory Academic Standards." *Id.* at pgs. 4-5. SUNY is alleged to have had knowledge of these acts through its Chancellor, yet refused to intervene to remedy the matter. *Id.* at pgs. 5-6.

As a result of these wrongful acts, Baird brought this action in the District of Maryland on March 31, 2008, invoking the court's jurisdiction under 28 U.S.C. § 1332. On April 9, 2008, the case was transferred to this court. Broadly construed, Baird's amended complaint asserts claims under Sections 601 and 602 of Title VI of the Civil Rights Act of 1964, under the Fourteenth Amendment to the United States Constitution, and for common law negligence.

### III. Standard of Review

The standard of review under FED. R. CIV. P. 12(b)(6) is well

3

established and will not be repeated here.  For a full discussion of the standard the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).  As relevant to the current motion, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest," especially where civil rights violations are alleged.  *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).

## IV.  Discussion

### A.  Title VI; Section 601 Claim

Baird's first claim is asserted under Section 601 of Title VI of the Civil Rights Act of 1964, which provides: "[n]o person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  In order to state a claim under Section 601, "a plaintiff must allege that: '(1) [defendant] received federal financial assistance, (2) [plaintiff] was an intended beneficiary of the program or activity receiving the assistance, and (3) [defendant] discriminated against [the plaintiff] on the basis of race, color, or national origin in connection with the program or

4

activity.'"  *Raghavendra v. Tr. of Columbia Univ.*, No. 06 Civ. 6841, 2008 WL 2696226, at *11 (S.D.N.Y. July 7, 2008) (alteration in original) (quoting *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000)).  Here, defendants contend that Baird's claims under Section 601 must be dismissed because he has failed to allege intentional, race based discrimination or that the defendants are recipients of federal funding.  (See Def. Supp. Mem. at 2-4; Dkt. No. 23.)

Insofar as defendants Corrigan and Benke are concerned the court agrees that dismissal is required, as individuals are not recipients of federal funding and thus cannot be held liable under Section 601.  *See, e.g., Shotz v. City of Plantation,* 344 F.3d 1161, 1169 (11th Cir. 2003); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).  However, as to defendants Empire and SUNY the court cannot agree with defendants' arguments.  While Baird has failed to specifically allege he was subjected to intentional discrimination because of his race, he has alleged that he is an African-American and that defendants' acts were discriminatory.  Interpreting these allegations broadly the court finds they sufficiently allege purposeful race based discrimination for purposes of a motion to dismiss.  Further, Empire and SUNY are almost certainly recipients of federal

5

funding, rendering Baird's failure to make an allegation to that effect a wholly technical omission. Thus, given that a *pro se* litigant's pleadings must be construed liberally, especially when dealing with alleged civil rights violations, *see Weinstein v. Albright*, 261 F.3d 127, 131-32 (2d Cir. 2001), the court finds that Baird has adequately stated a claim under Section 601 against defendants Empire and SUNY for purposes of a motion to dismiss.

### B. Title VI; Section 602

Baird also purports to assert a claim under Section 602 of Title VI. Section 602 grants federal departments and agencies authority to promulgate regulations incorporating a disparate impact standard to effectuate the provisions of Section 601. *See* 42 U.S.C. § 2000d-1. As defendants note, however, the Supreme Court has held that there is no private cause of action to enforce such regulations. *See Alexander v. Sandoval*, 532 U.S. 275, 293 (2001). As such, Baird's claim under Section 602 must be dismissed with prejudice.

### C. Fourteenth Amendment

Baird generally purports to assert a claim under the Fourteenth Amendment, but gives no indication as to which rights thereunder were violated. However, it appears that Baird is attempting to vindicate his rights

6

to equal protection and procedural due process.

### 1. Equal Protection

In order to adequately present an equal protection claim, the complaint must allege " (1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980).  Defendants contend that Baird cannot met this standard as he has failed to allege that he was treated differently from other similarly situated individuals.  (See Def. Supp. Mem. at 8; Dkt. No. 23.)  Again, however, a broad reading of the amended complaint indicates Baird was discriminatorily expelled and denied financial aid because of his race.  While it is true that Baird fails to identify any similarly situated non-minority students who were treated more favorably, the court cannot say Baird will be unable to establish such facts.  As such, the court declines to dismiss his equal protection claim.

### 2. Due Process

Due process generally requires that a person be afforded adequate

7

procedural safeguards before the State deprives them of a property interest. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). Here, Defendants do not question that an implied contract of good faith and fair dealing between a college and its students gives Baird such a property interest. However, they contend that the procedures provided to Baird before his expulsion and denial of financial aid comported with whatever process was due under the Fourteenth Amendment. A cursory review of attachments documenting these procedures reveals that Baird was indeed afforded a hearing and an opportunity for appeal before his dismissal. (See Ex 1.; Dkt. No. 23.)[2] However, due process is a flexible standard which varies depending on the nature of the interest affected and the circumstances of the deprivation. *See Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Such factors are not readily weighed on a motion to dismiss with an incomplete factual record. As such, the court is unwilling to say at the current juncture that Baird will be unable to establish any facts giving rise to a procedural due process violation. Thus, the court declines to dismiss such claim.

---

[2]These documents are properly considered on this motion as they are incorporated by reference into Baird's amended complaint at pages 2 through 3. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

8

**D.     Negligence Claim**

Finally, Baird repeatedly asserts that the defendants' actions leading to his expulsion and denial of financial aid were negligent.[3]

To the extent Baird's negligence claim is asserted against the defendants in their official capacities, they are entitled to sovereign immunity as state entities and employees, and such claims must be dismissed. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Defendants also contend that any negligence claim against Benke and Corrigan in their individual capacities should be dismissed because a plain reading of the complaint indicates that Baird's expulsion and denial of financial aid was intentional, not negligent. Once more, however, the court cannot say beyond a doubt that Baird's characterization of Benke and Corrigan's actions as negligent is completely without merit. As such, the court declines to dismiss Baird's negligence claim against Benke and Corrigan in their individual capacities

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[3] Insofar as Baird's amended complaint could be construed as also asserting state common law claims for intentional torts, such claims are clearly barred by a one year statute of limitations under C.P.L.R. 215(3), as the events at issue occurred no later than 2006 and this action was filed in 2008.

**ORDERED** that defendants' motion to dismiss (Dkt. No. 11.) is granted as follows: (1) Baird's claims under Section 601 of Title VI are dismissed as against defendants Benke and Corrigan; (2) Baird's claims under Section 602 of Title VI are dismissed in their entirety; and (3) Baird's negligence claim is dismissed against Empire and SUNY in its entirety, and against Benke and Corrigan in their official capacity; and it is further

**ORDERED** that defendants' motion to dismiss is denied in all other respects; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: February 24, 2009

_____
United States District Court Judge