**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALVIN C. BAIRD,**

            **Plaintiff,**          **1:08-cv-388**
                                                    **(GLS/RFT)**
            **v.**

**STATE UNIVERSITY OF NEW YORK;**
**MARGARET BENKE,** also known as
**MEG BENKE; EILEEN K. CORRIGAN;**
and **EMPIRE STATE COLLEGE,**

            **Defendants.**
_____

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Alvin C. Baird
Pro Se
4114 Balfern Avenue
Baltimore, MD 21213

**FOR THE DEFENDANTS:**

HON. ERIC T. SCHNEIDERMAN    STEPHEN M. KERWIN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Pro se plaintiff Alvin C. Baird commenced this action under Title VI of the Civil Rights Act of 1964,[1] 42 U.S.C. § 1983, and New York State common law against defendants State University of New York, Meg Benke, Eileen Corrigan, and Empire State College, alleging race-based discrimination, violations of his Fourteenth Amendment rights, and negligence, all in connection with his expulsion from defendant Empire State College. (*See* Am. Compl., Dkt. No. 21.) On November 17, 2010, this court granted defendants' motion for summary judgment on all of Baird's claims except a negligence claim against defendant Benke, (*see generally* Nov. 17, 2010 Order, Dkt. No. 89), finding that questions of fact remained as to Benke's handling of Baird's re-enrollment in the Business Ethics course he needed to graduate, (*see id.* at 26-28). Pending is Benke's uncontested motion for reconsideration. (Dkt. No. 90.) For the reasons that follow, the motion is granted and, upon reconsideration, the court reverses its prior decision denying Benke full summary judgment.

---

[1] 42 U.S.C. § 2000d, *et seq.*

2

## II. Background

The court assumes the parties' familiarity with the underlying facts and procedural history. For a full recitation of those facts and that history, the court refers the parties to its November 17, 2010 Memorandum-Decision and Order. (Dkt. No. 89.)

## III. Standard of Review

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[2] "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2 (N.D.N.Y. 1995). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

---

[2]Northern District of New York Local Rule 7.1(g) provides:

Unless FED. R. CIV. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). A motion for reconsideration of a Magistrate Judge's determination of a non-dispositive matter shall toll the fourteen (14) day time period to file objections pursuant to L.R. 72.1(b). The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g).

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## IV. Discussion

In both his opposition to defendants' motion for summary judgment and his cross-motion for summary judgment, Baird contended that defendant Benke was negligent in sending him "fabricated" expulsion letters, and in mishandling his re-enrollment into the Business Ethics course that he needed to graduate. (*See* Pl. Resp. Mem. of Law at 9-10, Dkt. No. 84; Pl. Cross-Mot. Mem. of Law at 9-11, Dkt. No. 67.) In denying Benke's motion for summary judgment on the latter aspect of Baird's negligence allegations, the court noted that Benke failed to meaningfully address Baird's allegations as to the Business Ethics course, and found

4

that questions of fact remained as to those allegations. (*See* Nov. 17, 2010 Order at 26-28, Dkt. No. 89.) Benke now seeks reconsideration of that determination, arguing for the first time that the court should not have considered Baird's allegations based on the Business Ethics course because Baird's amended complaint did not assert such a claim. (*See* Pl. Mem. of Law at 1, Dkt. No. 90:2.) Notwithstanding Benke's failure to raise this argument in her prior submissions—instead generally attacking Baird's negligence allegations on their merits—the court has again reviewed Baird's amended complaint and agrees that Baird's negligence allegations as to the Business Ethics course should not have been considered in deciding Benke's motion for summary judgment.

The pleading requirements contained in the Federal Rules of Civil Procedure are designed to provide defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Indeed, while "a complaint need not correctly plead every legal theory supporting [a] claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense." *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d

5

197, 199 n.2 (2d Cir. 2004) ("It is well-established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." (citations and internal quotation marks omitted)). And this rule applies equally to pro se plaintiffs. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (explaining that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law" and courts cannot read into pro se submissions inconsistent claims or claims not suggested by those submissions).

In this case, Baird's amended complaint, as it relates to Benke, focuses solely on the sending of "fabricated" expulsion letters and makes no reference to facts relating to the Business Ethics course or to Benke's handling of Baird's re-enrollment in that course. (*See* Am. Compl. at 3-4, Dkt. No. 21.) The court therefore agrees with Benke's belated argument that these singularly-focused allegations did not assert, or even signal, a negligence claim based on Benke's now-alleged mishandling of Baird's re-enrollment. And given that fact, the court further agrees that Baird's attempt to assert such a claim in opposition to Benke's motion for summary judgment was inappropriate and should not have been considered by the

6

court. *See, e.g.*, *Thomas v. Egan*, 1 F. App'x. 52, 54 (2d Cir. 2001) ("[I]t is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion." (citation omitted)); *Caribbean Wholesale & Serv. Corp. v. U.S. JVC Corp.*, 963 F. Supp. 1342, 1359 (S.D.N.Y. 1997) (explaining that a plaintiff's attempt to "add a claim never addressed, or even hinted at, in the complaint ... is inappropriate at the summary judgment stage, after the close of discovery, without the Court's leave, and in a brief in opposition to a dispositive motion"). Accordingly, because issues relating to these improperly-asserted allegations comprised the sole basis of the court's prior decision to partially deny Benke's motion for summary judgment, the court reverses that decision and grants Benke's motion in its entirety, dismissing all claims against her.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Benke's motion for reconsideration (Dkt. No. 90) is **GRANTED**; and it is further

**ORDERED** that portion of this court's November 17, 2010 Memorandum-Decision and Order denying Benke's motion for full summary judgment is **REVERSED**; and it is further

7

**ORDERED** that Baird's negligence claims against Benke are **DISMISSED** in their entirety; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

January 20, 2011
Albany, New York

_____
United States District Court Judge